IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LANCIUM LLC,<br><br>            Plaintiff,<br><br>v.<br><br>LAYER1 TECHNOLOGIES, INC.,<br><br>            Defendant. | C.A. No. 6:20-cv-00739-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT LAYER1 TECHNOLOGIES, INC.'S ANSWER
TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Layer1 Technologies, Inc. ("Layer1") hereby answers the Complaint for Patent Infringement (the "complaint") of Plaintiff Lancium LLC ("Lancium") as follows. Layer 1 denies that it infringes U.S. Patent No. 10,608,433 ("the '433 patent").

**THE PARTIES**

1.  Layer1 lacks knowledge or information sufficient to admit or deny the allegations of paragraph 1 of the complaint and, on that basis, denies them.

2.  Layer1 admits that Layer1 Technologies, Inc. is a Delaware corporation with a place of business at 221 Kearny Street, San Francisco, CA. Layer1 further admits that it has a facility in Ward County, Texas where it conducts cryptocurrency mining operations. Layer1 denies the remaining allegations of paragraph 2 of the complaint.

**JURISDICTION AND VENUE**

3.  Layer1 admits that Lancium purports to allege an action for patent infringement arising under the patent laws of the United States.

4.  Layer1 admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1331, 1338(a).

5.     Layer1 admits that it has a facility in Ward County, Texas where it conducts cryptocurrency mining operations. For purposes of this case only, Layer1 admits that this Court has specific personal jurisdiction over it. Layer1 denies the remaining allegations of paragraph 5 of the complaint, and specifically denies that it has committed any acts of infringement.

6.     Layer1 admits that it has a facility in Ward County, Texas. For purposes of this case only, Layer1 admits that venue is proper in this District. Layer1 denies the remaining allegations of paragraph 6 of the complaint, and specifically denies that it has committed any acts of infringement.

## BACKGROUND

7.     Layer1 lacks knowledge or information sufficient to admit or deny the allegations of paragraph 7 of the complaint and, on that basis, denies them.

8.     Layer1 lacks knowledge or information sufficient to admit or deny the allegations of paragraph 8 of the complaint and, on that basis, denies them.

9.     Layer1 denies that controllable load resource is Lancium's technology. Layer1 lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 9 of the complaint and, on that basis, denies them.

10.    Layer1 denies that controllable load resource is Lancium's technology. Layer1 lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 10 of the complaint and, on that basis, denies them.

11.    Layer1 denies that controllable load resource is Lancium's technology. Layer1 lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 11 of the complaint and, on that basis, denies them.

12. Layer1 denies that controllable load resource is Lancium's technology. Layer1 denies that any of Lancium's patented technology has attracted the interest of Layer1. Layer1 lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 12 of the complaint and, on that basis, denies them.

## THE PATENT-IN-SUIT

13. Layer1 admits that the '433 patent on its face is titled "Methods and Systems for Adjusting Power Consumption Based on a Fixed-Duration Power Option Agreement," claims priority to Provisional Application No. 62/927,119, and issued from Application No. 16/702,931 on March 31, 2020. Layer 1 admits that Exhibit A to the complaint on its face appears to be a copy of the '433 patent. Layer1 denies the remaining allegations of paragraph 13 of the complaint, and specifically denies that the '433 patent issued duly and legally.

14. Layer1 lacks knowledge or information sufficient to admit or deny the allegations of paragraph 14 of the complaint and, on that basis, denies them.

## ALLEGED INFRINGEMENT

15. Layer1 admits that it has a facility in Ward County, Texas where it conducts cryptocurrency mining operations. Layer1 admits that Exhibit B to the complaint on its face includes the statement "Our factory in West Texas is a game changer in Bitcoin mining." Layer1 admits that Exhibit D to the complaint on its face includes the statements "Mining Bitcoin is about converting electricity into money" and "Liegl says their average cost of production is about $1,000 per coin — equating to a 90% profit margin at current BTC price of $9,100." Layer1 further admits that Exhibit E to the complaint on its face includes the statement "It's the cheapest power in the world, at scale." Layer1 denies the remaining allegations of paragraph 15 of the complaint.

16. Layer1 admits that Exhibit F to the complaint on its face includes the statement "Just after midnight yesterday the first-ever operational CLR showed up in the @ERCOT_ISO

market. That's @LAYER1OFFICIAL !" Layer1 admits that Exhibit D to the complaint on its face includes the statement "Layer1 has entered into so-called 'demand response' contracts whereby at a minute's notice they will shut down all their machines and instead allow their 100 mw load to flow onto the grid." Layer1 admits that Exhibit E to the complaint on its face includes the statement "In the summertime when air conditioners in Dallas, Houston and Austin are going full tilt, Texas electricity prices sometimes surge to nosebleed levels. When that happens, Layer1 will be able to make more money by shutting off its mining machines and allowing the power to flow through its substation to the grid." Layer1 further admits that Exhibit G to the complaint on its face includes the statement "This is what being a virtual power plant looks like. Software command instantly decreases or increases many megawatts of electricity and #bitcoin hashrate to stabilize public power grids." Layer1 denies the remaining allegations of paragraph 16 of the complaint.

## COUNT I - ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,608,433

17. Layer1 incorporates and restates its responses to the allegations set forth in paragraphs 1 through 16 of the complaint.

18. Layer1 admits that Exhibit H on its face appears to be a claim chart. Layer1 denies the remaining allegations of paragraph 18 of the complaint, and specifically denies that it has committed any acts of infringement.

19. Layer1 denies the allegations of paragraph 19 of the complaint.

20. Layer1 denies the allegations of paragraph 20 of the complaint.

21. Layer1 admits that it received two emails from Kurt Rohde dated May 22, 2020 and June 2, 2020, respectively, referring to U.S. Patent No. 10,608,433. Layer1 denies the remaining allegations of paragraph 21 of the complaint, and specifically denies it has committed any acts of infringement, willful or not.

22. Layer1 admits that it has had knowledge of the existence of U.S. Patent No.

10,608,433 since May 22, 2020.  Layer1 denies the remaining allegations of paragraph 22 of the complaint.

23. Layer1 denies the allegations of paragraph 23 of the complaint.

24. Layer1 denies the allegations of paragraph 24 of the complaint.

### LANCIUM'S PRAYER FOR RELIEF

Layer1 denies that Lancium is entitled to any of the relief requested in the complaint or any relief whatsoever.

### LANCIUM'S DEMAND FOR JURY TRIAL

Lancium's demand for jury trial does not require a response.

### ADDITIONAL DEFENSES

Layer1 asserts the following additional defenses to the complaint.  In doing so, Layer1 does not assume any burden of proof on any issue that is Lancium's burden as a matter of law.  Layer1 also reserves the right to amend or supplement these defenses as additional facts become known.

### FIRST DEFENSE:  FAILURE TO STATE A CLAIM

The complaint fails to allege facts sufficient to state a cause of action upon which relief may be granted.

### SECOND DEFENSE:  NON-INFRINGEMENT ('433 PATENT)

Layer1 has not infringed, and currently does not infringe, any valid claim of the '433 patent and is not liable for any infringement.

### THIRD DEFENSE:  INVALIDITY ('433 PATENT)

The asserted claims of the '433 patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, the asserted claims of the '433 patent are patent ineligible because they are directed to the abstract idea of balancing power supply and power demand,

and do not recite any inventive concept.

## FOURTH DEFENSE:  GOOD FAITH

Layer1 has engaged in all relevant activities in good faith, thereby precluding Lancium, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

## FIFTH DEFENSE:  ESTOPPEL

Lancium's requested relief is barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office.

## SIXTH DEFENSE:  UNAVAILABILITY OF INJUNCTIVE RELIEF

Lancium is not entitled to injunctive relief because it has no irreparable injury, it has an adequate remedy at law for Layer1's alleged infringement, the balance of hardships does not tip in its favor, and the public interest would be disserved by an injunction.

## SEVENTH DEFENSE:  LIMITATION ON DAMAGES AND COSTS

Lancium's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287.  To the extent any claim of the patents-in-suit is invalid, Lancium is barred from recovering costs by 35 U.S.C. § 288.

## RESERVATION OF ADDITIONAL DEFENSES

Layer1 reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Layer1 prays for judgement as follows:

a. A judgment in favor of Layer1 denying Lancium all relief requested in its complaint and dismissing its complaint with prejudice;

    b. A judgment against Lancium finding that Layer1 has not infringed, does not infringe, and is not liable for any infringement of any valid and enforceable claim of the '433 patent;

    c. A judgment against Lancium finding that one or more claims of the '433 patent invalid;

    d. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Layer1 its reasonable attorneys' fees;

    e. An award of costs to Layer1; and

    f. Such other relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Layer1 hereby requests a trial by jury on all issues so triable.

Respectfully, submitted,

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder, CA Bar No. 191605
(Admitted W.D. Tex.)
Email: msacksteder@fenwick.com

**FENWICK & WEST LLP**
555 California Street
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

*Counsel for Defendant*
LAYER1 TECHNOLOGIES, INC.

November 6, 2020

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned hereby certifies that, on November 6, 2020, all counsel of record who have appeared in this case are being served with a copy of **DEFENDANT LAYER1 TECHNOLOGIES, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT** via the Court's CM/ECF system.

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder
