UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LANCIUM LLC,<br><br>Plaintiff,<br><br>v.<br><br>LAYER1 TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 6:20-cv-00739<br><br>Jury Trial Demanded |

# SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Clerk's October 25, 2020, e-mail canceling the Rule 16 Case Management Conference ("CMC") and deeming the CMC to have occurred on November 10, 2020, and the Court's Updated Order Governing Proceedings in Patent Cases (OGP version 3.2)[1], Plaintiff Lancium LLC ("Lancium") and Defendant Layer1 Technologies, Inc. ("Layer1") are **GRANTED** the following joint Scheduling Order:[2]

---

[1] Available at https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Sample%20Order%20Governing%20Proceedings%20-%20Patent%20Cases%20110520.pdf

[2] The parties' jointly proposed schedule is based on a trial date of February 28, 2022 (or at a later time convenient for the Court), which is approximately five weeks later than the January 24, 2022, trial date set forth in the Clerk's October 25, 2020, e-mail. The reason for the proposed change is because lead counsel for Defendant has another trial scheduled in the week from January 31, 2022 to February 4, 2022. The proposed trial date is within the Court's Default Schedule in OGP 3.2, *i.e.*, 52 weeks from *Markman* Hearing to trial.

| Date | Item |
|---|---|
| 11/3/2020<br><br>(7 days before CMC) | Plaintiff serves preliminary[3] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 11/24/2020<br><br>(2 weeks after CMC) | Deadline for Motions to Transfer. |
| 1/12/2021<br><br>(9 weeks after CMC) | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and<br>(3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| 1/26/2021<br><br>(11 weeks after CMC) | Parties exchange claim terms for construction. |
| 2/5/2021<br><br>(12 weeks + 3 days after CMC) | Parties exchange proposed claim constructions. |

---

[3] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| Date | Item |
|---|---|
| | |
| 2/11/2021 (13 weeks + 2 days after CMC) | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon in their opening brief with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[4] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 2/16/2021 (14 weeks after CMC) | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 2/23/2021 (15 weeks after CMC) | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 3/9/2021 (17 weeks after CMC) | Defendant files Responsive claim construction brief. |
| 3/23/2021 (19 weeks after CMC) | Plaintiff files Reply claim construction brief. |
| 4/6/2021 (21 weeks after CMC) | Defendant files a Sur-Reply claim construction brief. |
| 4/9/2021 (3 business days after submission of sur-reply) | Parties submit Joint Claim Construction Statement. See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |

---

[4] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Date | Item |
|---|---|
| 4/13/2021 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[5] |
| 4/22/2021 | *Markman* Hearing at 9:00 a.m. |
| 4/23/2021 (1 business day after *Markman* hearing) | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6/3/2021 (6 weeks after *Markman* Hearing) | Deadline to add parties. |
| 7/1/2021 (10 weeks after *Markman* Hearing) | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 7/29/2021 (14 weeks after *Markman* Hearing) | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 8/12/2021 (16 weeks after *Markman*) | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |

---

[5] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| Date | Item |
|---|---|
| 9/30/2021<br><br>(23 weeks after *Markman* Hearing) | Close of Fact Discovery. |
| 10/14/2021<br><br>(25 weeks after *Markman* Hearing) | Opening Expert Reports. |
| 11/11/2021<br><br>(29 weeks after *Markman* Hearing) | Rebuttal Expert Reports. |
| 12/2/2021<br><br>(32 weeks after *Markman* Hearing) | Close of Expert Discovery. |
| 12/9/2021<br><br>(33 weeks after *Markman* Hearing) | Deadline for the second of two meet and confer to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 12/23/2021<br><br>(35 weeks after *Markman* Hearing) | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 1/6/2022<br><br>(37 weeks after *Markman* Hearing) | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |

| Date | Item |
|---|---|
|  |  |
| 1/20/2022<br><br>(39 weeks after *Markman* Hearing) | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 1/27/2022<br><br>(40 weeks after *Markman* Hearing) | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |
| 2/3/2022<br><br>(41 weeks after *Markman* Hearing) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| 2/10/2022<br><br>(42 weeks after *Markman* Hearing) | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 2/14/2022<br><br>(3 business days before Final Pretrial Conference) | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 2/17/2022<br><br>(43 weeks after *Markman* Hearing) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |

| Date | Item |
|---|---|
| 2/28/2022 (44 weeks + 4 days after *Markman* Hearing) | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing. |

SIGNED this 25th day of November, 2020

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE